IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY CYRUS, | : | CIVIL ACTION NO. **3:CV-06-2022** |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES OF AMERICA and KAREN F. HOGSTEN, et al., | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

Plaintiff, Johnny Cyrus, an inmate at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania ("FCI-Allenwood"), filed, *pro se*, the instant civil rights action under *Bivens*[1] pursuant to 28 U.S.C. § 1331 on October 16, 2006. The Plaintiff has also filed an application for leave to proceed *in forma pauperis*. (Doc. 2).[2] Attached to the Complaint are three handwritten pages of the Statement of Facts. Plaintiff also filed a Motion for Appointment of Counsel. (Doc.

---

[1]*Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff has recently filed three other actions with this Court, namely 06-1698, 06-1665 and 06-1697, M.D. Pa.
  Plaintiff incorrectly styles his present action as being also under § 1983. (Doc. 1, p. 1). However, a § 1983 civil rights suit is against state officials and not federal officials of the Bureau of Prisons ("BOP"), as Plaintiff is naming in this case. *See Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa.).

[2]By separate Order, we shall grant Plaintiff's Motion for *in forma pauperis*. (Doc. 2).

5).[3]

Plaintiff's claim was set forth on a form civil rights complaint which this Court routinely provides to *pro se* litigants. *See* Doc. 1.[4] As stated, Plaintiff has attached three handwritten pages to his Complaint. The Complaint alleges that on September 19, 2006, Plaintiff fell out of his wheelchair, while going downhill. Plaintiff states that he is housed in Unit 3A, handicap cell # 115. Plaintiff claims that "[i]n retaliation; deliberately put me, on top of the hill, to make me suffer knowing that I had a stroke and only one side of my body is working from the stroke. I don't belong on no hill!" (Doc. 1, att. p. 1). Plaintiff states that there is another housing unit much lower than his. As a result of his fall, Plaintiff suffered various injuries to his body. (*Id*.). Plaintiff states that, notwithstanding the signs on the prison grounds that no wheelchairs are allowed on the hill, he has

---

[3]By separate Order, we will deny Plaintiff's Motion for Appointment of Counsel. (Doc. 5).

[4]In his form Complaint, the Plaintiff indicates that he has not fully exhausted the grievance procedure available at FCI-Allenwood. (Doc. 1, p. 1, ¶ II. A.-C.). It is well-settled that the Plaintiff must exhaust his administrative remedies prior to filing a civil rights suit. In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.; Woodford v. Ngo,* 126 S Ct. 2378 (2006); *Fortune v. Bitner*, 2006 WL 2769158, *7 (M.D. Pa.)("The PLRA mandates that inmates 'properly' exhaust administrative remedies before filing suit in federal court.")(citation omitted). Further, the Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002); *Fortune v. Bitner*, 2006 WL 2769158, *7.

Since Plaintiff's claim arose on September 19, 2006, it hardly seems possible that he could have exhausted all of his available BOP Administrative remedies before he filed this action. Plaintiff is well aware of the PLRA exhaustion requirement based on his three prior cases he has filed with this Court.

been placed in a housing unit on a hill, albeit a handicap cell unit. Plaintiff avers that "because of me filing civil rights on staff members they put me up on the hill." (*Id*.). Plaintiff also states that unnamed staff members have assaulted him, threatened him and harassed him.

Plaintiff also avers that, on the day of his fall, as further retaliation, "the medical staff denied me medical treatment for my injuries." (*Id*.). Thus, Plaintiff raises a First Amendment retaliation claim and an Eighth Amendment denial of proper medical care claim.

Plaintiff then states that Lieutenant Shepard sent him to medical as an emergency on September 19. However, Plaintiff states that he sat in the clinic lobby for several hours without receiving any treatment that day for his injures he sustained in his fall. Plaintiff states that his chin and elbow were bleeding, and that he was in pain. Plaintiff states he did not receive any medical care on September 19, and that for many days he was in severe pain. Plaintiff states that the medical staff did not even make an injury report on him afer his fall. Plaintiff states that he wrote to Defendant Warden Hogsten, as well as the Associate Warden and Defendant Health Administrator ("HA") Laino[5] and the clinical Director. (*Id*., att. p. 2). However, he states that he did not receive an answer from anyone.

Plaintiff avers that the retaliation, threats, and harassment against him are ongoing by his unit manager Sims, case manager Dewey and counselor Moser, and by Corrections Officer ( CO) Arnold. Plaintiff does not name these staff members as Defendants herein, and he does not specifically state what they have done to retaliate against him.

---

[5]The correct spelling of this Defendant's name is "Laino" and not "Lano," as Plaintiff writes on pages 1-2 of his Complaint, Doc. 1. *See* Doc. 1, att. p. 2. We shall direct the Clerk of Court to correct the spelling of this Defendant's name on the docket sheet.

Plaintiff names as Defendants the United States, Warden Hogsten and HA Laino. The stated two individual Defendants are both employed at FCI-Allenwood.

Defendant Laino is not alleged to have played any role in the denial of Plaintiff's medical care on September 19, 2006, or to have engaged in any conduct amounting to a violation of Plaintiff's Eighth Amendment Constitutional rights. Plaintiff only claims that he wrote to this Defendant, and he received no response. Also, as to Defendant Warden Hogsten, Plaintiff only avers that he wrote to this Defendant, and he received no response. Plaintiff does not state the personal involvement of either Defendant Hogsten or Defendant Laino with respect to his Eighth Amendment denial of medical care claim or with respect to his First Amendment retaliation claim. Rather, both of these Defendants appeared to be named in this case based on *respondeat superior*. Further, the United States is not a proper Defendant in a *Bivens* action.

The Complaint does not sufficiently specify any conduct, wrongful or otherwise, of Defendants Laino and Hogsten. These Defendants are not alleged to have played any role in the alleged retaliatory assignment of Plaintiff to a cell on a hill or to have played any role in the denial of medical care to Plaintiff after his September 19, 2006 fall. Nor are these Defendants alleged to have been aware at the time of the incident that the medical staff was denying him treatment for his injuries. Plaintiff alleges only that he wrote to Defendants Hogsten and Laino, and that they did not respond. Plaintiff does not aver that he requested Defendants Hogsten and Laino to give him medical care and that they denied it. Nor does Plaintiff allege any serious or permanent injuries as a result of his fall, although he states that he was in severe pain for many days. Plaintiff does not state that Defendants Laino and Hogsten were ever aware that the other prison staff members were

retaliating against him or threatening him at any time.

As relief, Plaintiff seeks compensatory damages in the amount of $1 million. (*Id.*, p. 3, ¶ V.)[6]

## II. PLRA.

We now review the Plaintiff's pleading and find that it contains fatal deficiencies as to the Defendants, namely the failure to state an Eighth Amendment deliberate indifference claim and a First Amendment retaliation claim against Defendants Laino and Hogsten. We find that the Defendant United States cannot be named in this *Bivens* action. We also find that Plaintiff should be allowed to amend his Complaint to name the medical staff members who allegedly denied him medical care on September 19, 2006, and to specifically state the staff members at the prison who are retaliating against him, and how they are engaging in retaliation.

As stated, the Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995,[7] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[8] Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act,

---

[6] As we have noted in Plaintiff 's previous actions, Plaintiff's request for a specific amount of monetary damages should be stricken. Since Plaintiff seeks unliquidated damages, he cannot claim a specific sum of relief. Pursuant to Local Rule 8.1, M.D. Pa., Plaintiff's request for specific monetary damages of $1 million should be stricken from his Amended Complaint. *See Stuckey v. Ross*, Civil No. 05-2354, M.D. Pa., 1-9-06 Order, J. McClure.

[7] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[8] The Plaintiff completed an application to proceed *in forma pauperis* and authorization to have funds deducted from his prison accounts. The court then issued an administrative order directing the warden to commence deduction of the full filing fee due the court from the Plaintiff's prison trust fund account. (Docs. 2, 4 and 7).

provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In reviewing the Complaint under 28 U.S.C. §1915(e)(2)(B), we have determined that the Plaintiff is unable to maintain this action as against Defendants United States, Laino, and Hogsten. We find that Plaintiff should amend his pleading as to his Eighth Amendment claim against the medical staff who allegedly denied him medical care after his September 19, 2006 fall, and against the prison staff who are allegedly retaliating against him for his prior civil rights actions filed with this Court.

**III.  Section 1331  Standard.**

Under *Bivens*, the District Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 to entertain an action brought to redress alleged federal constitutional or statutory violations by a federal actor under *Bivens, supra*. Pursuant to *Bivens*, "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978). A *Bivens*-style civil rights claim is the federal equivalent of an action brought pursuant to 42 U.S.C. § 1983 and the same legal principles have been held to apply. *See, Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir. 1975); *Veteto v. Miller*, 829 F.Supp.

1486, 1492 (M.D. Pa. 1992); *Young v. Keohane*, 809 F.Supp. 1185, 1200 n. 16 (M.D. Pa. 1992). In order to state an actionable *Bivens* claim, a plaintiff must allege that a person has deprived him of a federal right, and that the person who caused the deprivation acted under color of federal law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Young v. Keohane*, 809 F.Supp. 1185, 1199 (M.D. Pa. 1992).

**IV. Motion to Dismiss Standard.**

In considering whether a pleading states an actionable claim, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988). A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).

**V. Discussion.**

In his Complaint, as stated, Plaintiff does not allege any involvement of Defendants Laino and Hogsten with respect to the denial of medical care on September 19, 2006, and with respect to the retaliation being taken against him as a result of his previous civil rights actions he filed. As to both Defendants Laino and Hogsten, Plaintiff only states that he wrote to them and that he received no response from them. Plaintiff does not indicate that either of these two stated supervisory Defendants were involved with his denial of medical care on September 19, 2006, or

that they were involved with the retaliation against him. As stated, Plaintiff does not state if he suffered any permanent injuries as a result of the September 19, 2006 fall. Plaintiff's allegations do not indicate that Defendants Laino and Hogsten were deliberately indifferent to any denial of medical care on him by the medical staff. Nor do Plaintiff's allegations indicate that either Defendant had a causal connection to the claimed retaliatory acts being taken against him.

Also, Plaintiff does not claim that Defendants Laino and Hogsten retaliated against him or denied him required medical care. Plaintiff does not claim that he told Defendants Laino and Hogsten he was in pain after his fall, and that they refused to assist him to receive medical care. In fact, Plaintiff states that Lt. Shepard, despite being named as a Defendant in one of Plaintiff's prior actions, "sent me to medical [on September 19, 2006] as emergency." (Doc. 1, att. p. 2). Plaintiff does not claim that Defendants Laino and Hogsten caused him any injuries or that they refused to allow him to be medically treated after the fall in question. Plaintiff does not claim that these two Defendants were aware at any time that he was being retaliated against or that they had any knowledge that any of the staff were harassing and threatening him. The allegations in Plaintiff's Complaint do not support Plaintiff's present Eighth Amendment denial of medical care claim and First Amendment retaliation claim as against Defendants Laino and Hogsten. Further, Plaintiff's own allegations do not show that the two stated Defendants denied him necessary medical treatment following the September 19, 2006 fall or that he suffered any serious conditions as a result of their conduct to establish an Eighth Amendment claim against them. Nor do Plaintiff's allegation show that these Defendants were part of the retaliatory actions being taken against him.

Finally, the Plaintiff has not properly named the responsible prison personnel who were personally involved with his First Amendment and Eighth Amendment claims. He has also improperly named the United States as a Defendant in this case.

Consequently, based on the present pleading, the Plaintiff has failed to allege an Eighth Amendment violation by Defendants Laino and Hogsten. Plaintiff's Eighth Amendment claim as to these Defendants should be dismissed, and he should amend his pleading as to the responsible prison officials.

Moreover, Plaintiff does not allege with sufficient specificity the personal involvement of Defendants Laino and Hogsten, who admittedly did not participate in the retaliatory threats and harassment of Plaintiff, with respect to his First Amendment retaliation claim. As discussed, Plaintiff does not adequately state what these two Defendants did to violate any of his Constitutional rights. Liability may only be based upon the Defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976); *Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003). It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a civil rights case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown
> through allegations of personal direction or of actual knowledge and
> acquiescence. Allegations of participation or actual knowledge

> and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825 (1994) *citing Helling v. McKinney*, 509 U.S. 25 (1993); *Wilson v. Seiter*, 501 U.S. 294 (1991); *Estelle v. Gamble*, 429 U.S. 97 (1976).

The Eighth Amendment requires that the official must know of and disregard an excessive risk to inmate health or safety. *Farmer,* 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* "The question...is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health.'" *Farmer*, 511 U.S. at 843.

Here, Plaintiff does not allege to have suffered any injury from the actions of Defendants Laino and Hogsten. Plaintiff does not allege that the stated two Defendants retaliated against him or that they were involved in the medical staff's failure to provide him with treatment the day he fell. Thus, the alleged conduct of these two Defendants does not amount to deliberate indifference and is not sufficient to constitute an Eighth Amendment violation. Nor is the conduct of these two Defendants with respect to their alleged failure to respond to Plaintiff's letter sufficient to hold them liable in this action. Pursuant to *Rode*, *supra*, the supervisory Defendants cannot be held liable based on *respondeat superior* in this case. Thus, Defendants Hogsten and Laino should be dismissed from this case.

10

Moreover, a prison official's response or lack thereof to an inmate's Administrative remedies is not sufficient alone to hold the official liable in a civil rights action. The law is well-settled that there is no constitutional right to a grievance procedure. *See Jones v. North Carolina Prisoners' Labor Union, Inc.* 433 U.S. 119, 137-138 (1977). This very Court has also recognized that grievance procedures are not constitutionally mandated. *See Chimenti v. Kimber*, Civil No. 3:CV-01-0273, slip op. at p. 18 n. 8 (March 15, 2002) (Vanaskie, C.J.), reversed in part, C.A. No. 03-2056 (3d Cir. June 8, 2005)(Non-Precedential). Even if the prison provides for a grievance procedure, as the BOP does, violations of those procedures do not amount to a civil rights cause of action. *Mann v. Adams*, 855 F. 2d 639, 640 (9th Cir 1988), *cert denied*, 488 U.S. 898 (1988); *Hoover v. Watson*, 886 F. Supp. 410, 418 (D. Del. 1995), aff'd 74 F. 3d 1226 (3d Cir. 1995). *See also Burnside v. Moser*, Civil No. 04-2485, 12-16-04 Order, p. 3, J. Muir, M.D. Pa. (Even "[i]f the state elects to provide a grievance mechanism, violations of its procedures do not ... give rise to a [constitutional] claim.") (citations omitted). Thus, even if the prison official allegedly failed to process the prisoner's grievances, no constitutional claim is stated. *Burnside, supra*.

As the Court stated in *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir.1985) (per curiam) a mere "linkage in the prison chain of command" is not sufficient to demonstrate personal involvement for purposes of a civil rights action. Permitting supervisory liability where a defendant, after being informed of the violation through the filing of grievances, reports or appeals, failed to take action to remedy the alleged wrong is not enough to show that the defendant has the necessary personal involvement. *Rode, supra*. Allowing only a letter sent to an official to be sufficient to impose supervisory liability would permit an inmate to subject defendants to potential

11

liability in any case in which the prisoner merely transmitted correspondence to the official. *Id.* Thus, several courts have held that "it is well-established that an allegation that an official ignored a prisoner's letter of protest and request for an investigation of allegations made therein is insufficient to hold that official liable for the alleged violations." *Greenwaldt v. Coughlin*, 1995 WL 232736, at *4 (S.D.N.Y. Apr.19, 1995) (citations omitted); *accord Rivera v. Goord*, 119 F.Supp.2d 327, 344 (S.D.N.Y. 2000) (allegations that inmate wrote to prison officials and was ignored insufficient to hold those officials liable under section 1983); *Woods v. Goord*, 1998 WL 740782, at *6 (S.D.N.Y. Oct. 23, 1998) ("Receiving letters or complaints ... does not render [prison officials] personally liable under § 1983."); *Watson v. McGinnis*, 964 F.Supp. 127, 130 (S.D.N.Y. 1997) ("The law is clear that allegations that an official ignored a prisoner's letter are insufficient to establish liability.") (citations omitted). The Second Circuit Court has stated that "if mere receipt of a letter or similar complaint were enough, without more, to constitute personal involvement, it would result in liability merely for being a supervisor, which is contrary to the black-letter law that § 1983 does not impose respondeat superior liability." *Walker v. Pataro*, 2002 WL 664040, at *12 (S.D.N.Y. Apr. 23, 2002).

Nor has Plaintiff stated a First Amendment retaliation claim against Defendants Hogsten and Laino. Plaintiff only alleges that unnamed staff deliberately housed him in a cell on top of a hill, and that the stated four (4) prison staff members, who are not named as Defendants herein, have continued to harass and threaten him in retaliation for his lawsuits. (Doc. 1, att. pp. 1-2). In *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001), the Court stated that "a prisoner litigating a retaliation claim must show that he suffered some 'adverse action' at the hands of the prison officials." To

12

establish a retaliation claim, the Plaintiff must also show that there exists a causal nexus between the Plaintiff's constitutionally protected conduct and the adverse action. *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). We find that this nexus does not exist with respect to either of our two supervisory Defendants, Hogsten and Laino.

Further, the United States is not a Defendant. While the United States has waived sovereign immunity for an FTCA action, it has not waived sovereign immunity for a *Bivens* action. *See Jaffee v. U.S.*, 592 F.2d 712, 717-18 (3d Cir.), *cert. denied,* 441 U.S. 961 (1979) (no waiver of United States' sovereign immunity for suits alleging constitutional violations). Thus, Plaintiff improperly named the United States with respect to his *Bivens* Complaint.

The United States has not waived its sovereign immunity for a *Bivens* action, and it is not a proper Defendant in a *Bivens* action. *See FDIC v. Meyer,* 510 U.S. 471, 114 S.Ct. 996, 999 (1994); *Alexander v. Hargrove*, 1995 WL 144636, E.D. Pa.; *Howard v. U.S.*, 2000 WL 128701, E.D. Pa.; *see also Jaffee, supra.; Aladiem v. HUD*, 199 WL 718069, E.D. Pa. Further, to the extent that Plaintiff's *Bivens* action is against any federal prison official in his official capacity and seeks monetary damages, it is basically a claim against the United States.[9] Thus, Defendant United States

---

[9] As this Court stated in *Arrington v. Inch*, 2006 WL 860961, * 4 (M.D. Pa.):

> "The doctrine of sovereign immunity precludes a plaintiff from bringing a *Bivens* action against a federal agency, *See FDIC v. Meyer,* 510 U.S. 471, 484-86 114, --- S.Ct. ----, ---- - ---- ----, --- L.Ed.2d ----, ---- - ---- ----(1994). Suits brought against federal officials in their official capacities are to be treated as suits against the employing government agency. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (cited with approval in *Christy v. Pa. Turnpike Comm'n,* 54 F.3d 1140, 1143 n. 3 (3d Cir.1995)). As a result, a *Bivens* suit brought against

should be dismissed from this action. Defendants Hogsten and Laino should be dismissed, and Plaintiff should amend his Complaint to name the prison officials who were personally involved in the denial of his medical care after his September 19, 2006 fall, and who have been retaliating against him due to his previous lawsuits filed with this Court.

*Pro se* parties are accorded substantial deference and liberality in federal court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader.

Although there is not a heightened pleading standard in civil rights cases,[10] a civil rights complaint in order to comply with Rule 8 must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so

---

>an individual federal official acting in his official capacity is barred by the doctrine of sovereign immunity, *See also Chinchello v. Fenton,* 805 F.2d 126, 130 n. 4 (3d Cir.1986) (affirming district court's conclusion that sovereign immunity barred an official-capacity *Bivens* claim), and the court lacks jurisdiction to hear the claim. *See Kabakjian v. United States,* 267 F.3d 208, 211 (3d Cir.2001) (holding that district courts lack jurisdiction to hear claims brought against the United States unless Congress has explicitly waived sovereign immunity)."

[10]In *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993), the United States Supreme Court held that it was improper to apply heightened pleading standards to § 1983 civil rights actions. The Court noted that a civil rights complaint need only comply "with the liberal system of 'notice pleading' set up by the Federal Rules." *Id* at 167.

that the court can determine that the compliant is not frivolous and a defendant has adequate notice to frame an answer. *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986). A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials.

Under even the most liberal construction, we find that Plaintiff's present Complaint fails to allege any Eighth Amendment and First Amendment violations by Defendants Laino and Hogsten. Even taking into account the fact that Plaintiff is proceeding *pro se*, his Complaint fails to allege sufficient personal involvement of the stated two Defendants in any Eighth Amendment and First Amendment violations.

Plaintiff fails to make a claim showing that Defendants Laino and Hogsten's alleged conduct violates either the First Amendment or the Eighth Amendment based on the standards discussed above. Accordingly, we shall recommend that this case be dismissed as to Defendants United Sates, Laino and Hogsten, and that Plaintiff be directed to file an amended complaint as to the responsible prison officials with respect to his First Amendment retaliation claim and his Eighth Amendment denial of medical care claim.[11]

---

[11] Notwithstanding the Plaintiff's *pro se* status and our finding that his § 1331 claim is insufficient as to Defendants Laino and Hogsten, we do not recommend that he be permitted to amend his Complaint to include more specific facts against these Defendants, since we find that the Plaintiff's claim against the stated Defendants fails to state a constitutional violation under the First Amendment and the Eighth Amendment. Also, Defendant United States cannot be named in a *Bivens* action. Thus, we find futility of any amendment of this claim as to Defendants United States, Laino, and Hogsten, and we shall not recommend Plaintiff be granted leave to amend his pleading regarding these three Defendants. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted).

**VI. Recommendation.**

Based on the above, it is respectfully recommended that this case be dismissed as to Defendants Laino and Hogsten, as the Plaintiff has failed to state a retaliation claim under the First Amendment and a claim under the Eighth Amendment against these Defendants. It is recommended that this case be dismissed as against Defendant United States. It is further recommended that Plaintiff be directed to file an amended complaint against the responsible prison officials with respect to his stated two claims. Finally, it is recommended that this case be remanded to the undersigned for further proceedings.


                    **s/ Thomas M. Blewitt**
                    **THOMAS M. BLEWITT**
                    **United States Magistrate Judge**

**Dated: October 24, 2006**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY CYRUS, | : | CIVIL ACTION NO. **4:CV-06-2022** |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES OF AMERICA, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **October 24, 2006.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                <u>s/ Thomas M. Blewitt</u>
                **THOMAS M. BLEWITT**
                **United States Magistrate Judge**


**Dated: October 24, 2006**