IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY CYRUS, | : | CIVIL ACTION NO. **3:CV-06-2022** |
| | : | |
| Plaintiff | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| | : | |
| KAREN F. HOGSTEN, et al., | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

Plaintiff, Johnny Cyrus, an inmate at the Federal Correctional Institution at Allenwood, White

Deer, Pennsylvania ("FCI-Allenwood"), filed, *pro se*, the instant civil rights action under *Bivens*[1]

pursuant to 28 U.S.C. § 1331 on October 16, 2006.  The Plaintiff has also filed an application for

leave to proceed *in forma pauperis*.  (Doc. 2).[2]  Attached to the Complaint were  three handwritten

pages of the Statement of Facts.  Plaintiff also filed a Motion for Appointment  of Counsel.  (Doc.

---

[1]*Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971).  Plaintiff has recently filed four other actions with this Court, namely 06-1698, 06-1665, 06-1697 and 06-2265, M.D. Pa.
     Plaintiff incorrectly styled his present action as being also under § 1983.  (Doc. 1, p. 1). However, a § 1983 civil rights suit is against state officials and not federal officials of the Bureau of Prisons ("BOP"), as Plaintiff is naming in this case.  *See Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa.).

[2]By separate Order, we granted Plaintiff's Motion for *in forma pauperis*.  (Doc. 2).

5).[3]

Plaintiff's claim was set forth on a form civil rights complaint which this Court routinely provides to *pro se* litigants.  *See* Doc. 1.[4]  As stated, Plaintiff has attached three handwritten pages to his Complaint.  The Complaint alleged that on September 19, 2006, Plaintiff fell out of his wheelchair, while going downhill.  Plaintiff stated that he was housed in Unit 3A, handicap cell # 115.  Plaintiff claimed that "[i]n retaliation; deliberately put me, on top of the hill, to make me suffer knowing that I had a stroke and only one side of my body is working from the stroke. I don't belong on no hill!" (Doc. 1, att. p. 1).  Plaintiff stated that there is another housing unit much lower than his.  As a result of his fall, Plaintiff suffered various injuries to his body.  (*Id*.).  Plaintiff stated that, notwithstanding the signs on the prison grounds that no wheelchairs are allowed on the hill,

---

[3]By separate Order, we  denied Plaintiff's Motion for Appointment of Counsel.  (Doc. 5).

[4]In his form Complaint, the Plaintiff indicated  that he did  not fully exhaust  the grievance procedure available at FCI-Allenwood.  (Doc. 1, p. 1, ¶ II. A.-C.).  It is well-settled that the Plaintiff must exhaust his administrative remedies prior to filing a civil rights suit.  In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law.  The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.; Woodford v. Ngo,* 126 S Ct. 2378 (2006); *Fortune v. Bitner*, 2006 WL 2769158, *7 (M.D. Pa.)("The PLRA mandates that inmates 'properly' exhaust  administrative remedies before filing suit  in federal court.")(citation omitted).   Further, the Defendants have the burden to plead exhaustion as an affirmative defense.  *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002); *Fortune v. Bitner*, 2006 WL 2769158, *7.
  As we previously noted, since Plaintiff's claim arose on September 19, 2006, it hardly seems possible that he could have exhausted all of his available BOP Administrative remedies before he filed this action.  We also noted that Plaintiff was  well aware of the PLRA exhaustion requirement based on his three prior cases he has filed with this Court.

he has been placed in a housing unit on a hill, albeit a handicap cell unit.  Plaintiff averred  that "because of me filing civil rights on staff members they put me up on the hill." (*Id*.).  Plaintiff also stated  that unnamed staff members have assaulted him, threatened him and harassed him.

Plaintiff also averred that, on the day of his fall, as further retaliation, "the medical staff denied me medical treatment for my injuries." (*Id*.).  Thus, Plaintiff raised a First Amendment retaliation claim and an Eighth Amendment denial of proper medical care claim.

Plaintiff then stated that Lieutenant Shepard sent him to medical as an emergency on September 19.  However, Plaintiff stated  that he sat in the clinic lobby for several hours without receiving any treatment that day for his injures he sustained in his fall.  Plaintiff stated  that his chin and elbow were bleeding, and that he was in pain.  Plaintiff stated  he did not receive any medical care on September 19, and that for many days he was in severe  pain.  Plaintiff stated  that the medical staff did not even make an injury report on him afer his fall.

Plaintiff averred  that the retaliation, threats, and harassment against him are ongoing by his unit manager Sims, case manager Dewey and counselor Moser, and by Corrections Officer ( CO) Arnold.  Plaintiff did not name these staff members as Defendants in his original Complaint, but names Sims and Arnold as Defendants in his amended pleading.

In his original Complaint, Plaintiff named  as Defendants the United States, Warden Hogsten and HA Laino.  The stated two individual Defendants were both employed at FCI-Allenwood.

On October 24, 2006, we preliminarily screened Plaintiff's Complaint under the PLRA.  We recommended that this case be dismissed as to Defendants Laino and Hogsten, as the Plaintiff has failed to state a retaliation claim under the First Amendment and a claim under the Eighth

Amendment against these Defendants.  It was also recommended that this case be dismissed  as against Defendant United States.  It was further recommended that Plaintiff be directed to file an amended complaint  against the responsible prison officials with respect to his stated two claims. Specifically, we recommended that Plaintiff should be allowed to amend his Complaint to name the medical staff members who allegedly denied him medical care on September 19, 2006, and to specifically state the staff members at the prison who were retaliating against him, and how they were engaging in retaliation.

On December 5, 2006, the District Court reviewed our Report and Recommendation and adopted it in full.  (Doc. 13).  The District Court noted that Plaintiff had already filed his Amended Complaint and remanded it to us for further proceedings.  Plaintiff also attached five (5) Inmate Request to Staff forms to his amended pleading.   We thus now screen the Amended Complaint. (Doc. 12).

Plaintiff names seven new Defendants and makes no request for relief in his Amended Complaint.

**II.  PLRA.**

We now review the Plaintiff's amended pleading and find that it contains fatal deficiencies as to some of the Defendants, namely the failure to state an Eighth Amendment deliberate indifference claim and a First Amendment retaliation claim against Defendants Sims, Hepner and DiFrancesco. As stated, the Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  The Prison Litigation Reform Act of 1995,[5] (the "PLRA"), obligates the Court

---

[5]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.   Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In reviewing the Amended Complaint under 28 U.S.C. §1915(e)(2)(B), we have determined that the Plaintiff is unable to maintain this action as against Defendants Sims, Hepner and DiFrancesco.  We find that Plaintiff should be permitted to proceed with his amended pleading as to his Eighth Amendment claim against Defendants Eichensehr, Powanda and Roces, the medical staff who allegedly denied him medical care after his September 19, 2006 fall, and against Defendant Arnold, the prison staff member who allegedly prevented Plaintiff from going to the medical clinic for treatment.

## III.  Section 1331  Standard.

Under *Bivens*, the District Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 to entertain an action brought to redress alleged federal constitutional or statutory violations by a federal actor under *Bivens, supra*. Pursuant to *Bivens*, "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz*

*v. Economou*, 438 U.S. 478, 504 (1978).  A *Bivens*-style civil rights claim is the federal equivalent of an action brought pursuant to 42 U.S.C. § 1983 and the same legal principles have been held to apply.  *See, Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir. 1975); *Veteto v. Miller*, 829 F.Supp. 1486, 1492 (M.D. Pa. 1992); *Young v. Keohane*, 809 F.Supp. 1185, 1200 n. 16 (M.D. Pa. 1992). In order to state an actionable *Bivens* claim, a plaintiff must allege that a person has deprived him of a federal right, and that the person who caused the deprivation acted under color of federal law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Young v. Keohane*, 809 F.Supp. 1185, 1199 (M.D. Pa. 1992).

## IV.  Motion to Dismiss Standard.

In considering whether a pleading states an actionable claim, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957);  *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988).  A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.  *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).

## V.  Discussion.

In his Amended Complaint, Plaintiff does not re-name Laino and Hogsten as Defendants. Notwithstanding his failure to name Defendant Hogsten in his Amended Complaint, Plaintiff re-alleges his claim that Warden Hogsten ignored his grievance.  (Doc. 12, p. 3).  Since Plaintiff has

not re-named Hogsten as a Defendant, and since we have already discussed this claim against the Warden in detail in our prior Report and Recommendation, which was adopted by the District Court, we shall not repeat herein why Hogsten is not a proper Defendant in this case.  Thus, for the reasons specified in our prior Report and Recommendation, to the extent Plaintiff attempts to re-name Hogsten as a Defendant in his Amended Complaint, it is recommended that this Defendant be dismissed.

Plaintiff names the following Defendants in his amended pleading: L. Eichensehr, H. I.T.; M. Powanda, PA; R. Roces, PA; Lt. Hepner; Hattie Sims, Unit Manager; Joe DiFrancesco, Case Manger; and CO Arnold.

### A.  Defendants Eichensehr, Powanda and Roces

Plaintiff alleges that on September 19, 2006, a Lt. informed Defendant Eichensehr that he fell down a hill and out of his wheel chair, he had injuries and was being sent over as an emergency.  Plaintiff avers that Defendant Eichensehr told him to wait in the lobby of the medical clinic, and that he waited there for four (4) hours without ever being treated.   Plaintiff states that Defendants PA Powanda and PA Roces looked at him, walked right past him, and ignored him  as he was in pain and bleeding.  Plaintiff states that he was sent back to his unit without being given any treatment for his injuries.  Plaintiff has stated an Eighth Amendment denial of medical care claim against Defendants Eichensehr, PA Powanda and PA Roces.  Plaintiff has not stated a First Amendment retaliation claim against these Defendants.  (Doc. 12, p. 2).[6]

---

[6]Plaintiff attaches a copy of his September 20, 2006 Inmate Request to Staff complaining that he was denied medical care by medical staff for his September 19, 2006 fall.  This request does not show that Plaintiff has completed the BOP Administrative remedy process.

### B. Defendant DiFrancesco

Plaintiff simply alleges that Defendant DiFrancesco assigned him to the top of the hill in 3A-Unit on July 5, 2006, deliberately, and that he knew that Plaintiff needed help to go up and down the hill. (*Id.*, pp. 3-4). Plaintiff avers that Defendant DiFancesco lied to him, since he told Plaintiff that they had someone to assist Plaintiff and since Plaintiff never received any assistance.[7] Plaintiff states that it is mandatory to assign someone to him due to the hills and the handicap sign. Plaintiff claims that Defendant DiFrancesco violated his First Amendment and Eighth Amendment rights.

We find no claim is stated against Defendant DiFrancesco. Plaintiff does not state that this Defendant had any personal involvement with respect to the denial of medical care on September 19, 2006, and with respect to the retaliation being taken against him as a result of his previous civil rights actions he filed. Nor do we find that Defendant DiFrancesco's alleged failure to assign an assistant to Plaintiff to help him up and down the hill is a *per se* violation of the Eighth Amendment without any claims of deliberate indifference to a serious medical need or to any conditions of confinement by Plaintiff. Defendant DiFrancesco is not alleged to have played any role in the denial of Plaintiff's medical care on September 19, 2006, or to have engaged in any conduct amounting to a violation of Plaintiff's Eighth Amendment Constitutional rights with respect to his conditions of confinement.

---

[7]As stated below, Plaintiff concedes in his Amended Complaint on page 5, Doc. 12, that he had a wheelchair assistant. Thus, Plaintiff contradicts himself with respect to his claim against Defendant DiFrancesco.

### C. Defendant Sims

Plaintiff alleges that on four (4) occasions, he asked Defendant Sims for some help to get him up and down the hills and she said to him, "We don't have anyone for that job, you have to handle it." (*Id*., p. 4). Plaintiff alleges that on a second occasion, he was at the bottom of the hill and asked Sims for assistance, and she ignored him. On the third occasion, Plaintiff avers that Defendant Sims said to him, "You file on me to the Warden Hogsten and you want something for me, 'please' and she walk away." (*Id*.). Finally, Plaintiff claims that Defendant Sims said to him that he got nothing coming and she said don't ask her anything, and she walked away.

Plaintiff also claims that Defendant Sims told him that since he was indigent, she and his counselor must read all of his legal mail before they put stamps on it. Plaintiff states that there is no such policy and that Sims was lying to him. (*Id*., p. 5). Plaintiff concludes that Defendant Sims violated his First Amendment and Eighth Amendment rights.

We find no Constitutional claim against Defendant Sims. We do not find that the alleged failure to help Plaintiff up and down the hill to state an Eighth Amendment claim. As stated, Plaintiff concedes that he had a wheelchair assistant. (Doc. 12, p. 5). Nor does Plaintiff properly allege that Defendant Sims retaliated against him due to his lawsuits.

While "[t]he Constitution 'does not mandate comfortable prisons,' ... neither does it permit inhumane ones...." *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970 (1994)(quoting *Rhodes v. Chapman,* 452 U.S. 337, 349, 101 S.Ct. 2392, (1981)). "[I]t is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.' " *Farmer,* 511 U.S. at 832, 114 S.Ct. 1970 (quoting *Helling v.*

*McKinney,* 509 U.S. 25, 31, 113 S.Ct. 2475 (1993)). Under *Farmer,* conditions of confinement will violate the Eighth Amendment if the following two-prong test is met: (1) the deprivation is sufficiently serious; and (2) deliberate indifference by the prison official Defendants. *Id*. at 834. Stated simply, an Eighth Amendment violation exists when the prisoner is denied "the minimal civilized measure of life's necessities" and the prison official acted with recklessness. *Farmer,* 511 U.S. at 834-35 (quoting *Rhodes,* 452 U.S. at 347, 101 S.Ct. 2392); *Wilson v. Seiter,* 501 U.S. 294, 303, 111 S.Ct. 2321 (1991). In order to find an Eighth Amendment violation regarding conditions of confinement, the evidence must show that the prison official was "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837.     Plaintiff makes no such claim as to Defendant Sims.

Further, Plaintiff does not allege that Defendant Sims interfered with any of his legal mail or that she refused to mail out any.  Plaintiff alleges no actual injury with respect to any denial of access to courts claim.

It is well established that prisoners have a constitutional due process right of access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977).  However, in order to prevail on such a claim, it is necessary to allege an actual injury -- an instance in which the Plaintiff was actually denied access to the courts.  *Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2163 (1996); *Peterkin v. Jeffes*, 855 F.2d 1021, 1041 (3d Cir. 1988), *citing Hudson v. Robinson*, 678 F.2d 462, 466 (3d Cir. 1982); *Kershner v. Mazurkiewicz*, 670 F.2d 440, 444 (3d Cir. 1982).

Since the Plaintiff does not allege any actual injury or adverse action with respect to his First Amendment claim against Defendant Sims, it must fail.  In fact, based on Plaintiff's numerous cases

he has recently filed with this Court, and the filings made therein, it is apparent that Plaintiff's legal mail is not being hindered in any way.

### D. Defendant Hepner

Plaintiff alleges that Lt. Hepner stopped him and his wheelchair assistant on October 2, 2006, and told Plaintiff to turn around, to go to the rec yard, and that he was not going to the pill line.[8] Plaintiff states that he told Defendant Hepner that he gets an insulin shot and pills, and he claims Defendant told him "I don't give a shit." Plaintiff states that Defendant Hepner told him he would go to the SHU, presumably if he did not turn around. (*Id*.). Plaintiff alleges that this conduct violated his First Amendment and Eighth Amendment rights.  Plaintiff does not allege that Defendant Hepner acted in retaliation for his filing of his lawsuits.  Nor does the one-time denial of allowing Plaintiff to go to the pill line when it was his rec time amount to an Eighth Amendment violation.[9]

Plaintiff does not allege that he suffered any adverse health consequences as a result of not being allowed to go to the pill line on October 2, 2006 by Defendant Hepner.  Plaintiff does not state if he was allowed later in the day to get his medicine or if he was denied to go to the pill line

---

[8]Plaintiff's admission in this claim that he had a wheelchair assistant belies his earlier claim that Defendant DiFranceso would not allow him to have such an assistant. It also belies his Eighth Amendment claim against Defendant Sims that she would not assist him up the hill to his cell.

[9]Plaintiff attaches a copy of his October 3, 2006 Inmate Request to Staff form complaining that on October 2, 2006, Defendant Hepner "denied me from getting insulin and pills." Doc. 12, Ex. 3.  Plaintiff does not indicate if he exhausted his BOP administrative remedies with respect to this claim.

at that time since it was his rec time.  We do not find that Plaintiff has stated Constitutional claim

against Defendant Hepner.  Nor does Plaintiff state a retaliation claim against Defendant Hepner.

Since we have previously advised Plaintiff of the requirements to state a retaliation claim, we hall

not repeat it herein.[10]

---

[10]Further, some of the claims of Plaintiff's Amended Complaint have nothing to do with his original claims for which he was allowed by the Court to amended his pleading.  Rather, Plaintiff is attempting to add new claims that are unrelated to his original claims, namely that he was denied  medical care on September 19, 2006, and that he was being retaliated against as a result of his previous civil rights actions he filed.  Our prior Report and Recommendation, which was adopted by the District Court, only found that Plaintiff should be allowed to amend his Complaint as to the responsible prison officials with respect to his stated two claims.  We did not find that Plaintiff should be allowed to join unrelated claims against unrelated Defendants in his Amended Complaint, as he is attempting to do against Defendant Hepner, and with respect to his two (2) claims against Defendant Arnold.  We find that such an attempt violates Rule 20(a) and that Plaintiff should not be allowed to circumvent the filing fee requirement for raising new claims.

      Fed. R. Civ. P. 20 (a).  Rule 20(a) provides:

      (a) Permissive Joinder.  All persons . . . may be joined in one action as defendants
      if there is asserted against them jointly, severally, or in the alternative, any right
      to relief in respect of or arising out of the same transaction, occurrence, or
      series of transactions or occurrences and if any questions of law or fact
      common to all defendants will arise in the action.  A plaintiff or defendant
      need not be interested in obtaining or defending against all the relief
      demanded.  Judgment may be given for one or more of the plaintiffs
      according to their respective rights to relief, and against one or more
      defendants according to their respective liabilities.

Fed.R.Civ.P. 20(a).

      Rule 20 only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact."  7 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1652 at 371-72 (1986).  "Permissive joinder is not, however, applicable in all cases.  The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant

### E.  Defendant Arnold

Plaintiff claims that on September 21, 2006, CO Arnold told Plaintiff to get out of his way or he would flip him out of his wheelchair, and then slapped him in the back of his head.  (*Id.*, p. 6).  Plaintiff does not state if he suffered any injuries, temporary  or  permanent,  as a result of the September 21, 2006 slap by Defendant Arnold.  On September 22, 2006, Plaintiff alleges that CO Arnold would not let  him go to the medical clinic for his injures he sustained in his September 19, 2006 fall.  Plaintiff alleges that CO Arnold told him to go back to his Unit even though he was in severe pain and hurting from his fall.  On September 23, 2006, Plaintiff alleges that CO Arnold told him that "I want your cripple ass in your wheel chair for my damn count not sitting on your fucking bed (fuckface)."  (*Id.*, pp. 6-7).

Plaintiff alleges an Eighth Amendment assault against Defendant Arnold and a First Amendment claim for racial insult.  Insofar as Plaintiff alleges the Defendant Arnold would not let him go to the medical clinic on September 22, 2006 for treatment of his injury from the September 19, 2006 fall, Plaintiff states an Eighth Amendment denial of medical care claim against this Defendant.  However, we do not find  that this Defendant's one-time slap of Plaintiff and racial insults amount to Constitutional violations.

As the Court stated in *Wright v. O'Hara*, 2004 WL 1793018 (E.D. Pa.) * 7, "[w]here Plaintiff has not been physically assaulted, Defendant's words and gestures alone are not of constitutional merit."  (Citation omitted).   The *Wright* Court also stated:

---

relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action." *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).

> "Mean harassment . . . is insufficient to state a
> constitutional deprivation." *Murray v. Woodburn*, 809 F.Supp.
> 383, 384 (E.D. Pa. 1993). Verbal abuse or threats alone
> do not state a constitutional claim. *See Maclean v. Secor*,
> 876 F.Supp. 695, 698 (E.D. Pa. 1995). "This is so because
> '[n]ot every unpleasant experience a prisoner might endure
> while incarcerated constitutes cruel and unusual
> punishment. *Ramos v. Vaughn*, No. 94-2596, 1995 U.S.
> Dist. LEXIS 2164 at *12 (E.D.Pa. June 27, 1995), *quoting*
> *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).

*Id.* * 6.

In the *Wright* case, Plaintiff alleged that the CO verbally threatened and harassed him and lunged towards him with a fist, without any physical contact. The *Wright* Court concluded that this conduct, 'while inappropriate, does not give rise to an Eighth Amendment violation as it is not 'sufficiently serious'." *Id.* *7 (citation omitted).

There is no claim that Plaintiff was placed in risk of serious injury by Defendant Arnold. There is no claim, as noted, that Plaintiff was even injured by Defendant Arnold when the Defendant allegedly slapped him.

In *Bright v. Gillis*, 89 Fed. Appx. 802, 805 (3d Cir. 2004), the Court   stated the factors in establishing an Eighth Amendment excessive force claim against prison staff:

> a number of factors bear on an excessive force determination, including:
> "(1) the need for the application of force; (2) the relationship between
> the need and the amount of force that was used; (3) the extent of the
> injury inflicted; (4) the extent of the threat to the safety of staff and
> inmates, as reasonably perceived by responsible officials on the basis of
> facts known to them; and (5) any efforts made to temper the severity
> of the forceful response." *Brooks v. Kyler,* 204 F.3d 102, 106
> (3d Cir.2000) (citing *Whitley v. Albers,* 475 U.S. 312, 327, 106 S.Ct. 1078,
> 89 L.Ed.2d 251 (1986)).

14

The Court in *Wesley v. Dombrowski*, 2004 WL 1465650 *6 (E.D. Pa.), stated:

> "The core inquiry in claims of excessive force is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm'." (Citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

The *Wesley* Court also stated:

> While the Eighth Amendment's proscription against cruel and unusual punishment excludes from constitutional recognition *de minimis* uses of physical force if the use of force is not of a sort "repugnant to the conscience of mankind," to state a claim, the plaintiff need only allege that force was maliciously applied to cause harm." *Id.* (Citation omitted).

*Id.*

The Court in *Eppers v. Dragovich*, 1996 WL 420830 (E.D. Pa.), stated:

> "In *Hudson*, the Supreme Court held that an inmate need not suffer a serious injury in order for the excessive use of force to violate the Eighth Amendment.. However, the Court also recognized that not "every malevolent touch by a prison guard gives rise to a federal cause of action," and reaffirmed that the Eighth Amendment's prohibition of cruel and unusual punishment "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.' " (citing *Hudson, supra* at 9).

Under the aforementioned standards, we do not find that the one-time slap by Defendant Arnold on the back of Plaintiff's head violates the Eighth Amendment.

Thus, we shall recommend that this case proceed with respect to the denial of medical care on September 19, 2006, by Defendants Eichensehr, PA Powanda and PA Roces. As stated, we find no First Amendment claim against these Defendants since Plaintiff does not allege any retaliation

being taken against him by these Defendants as a result of his previous civil rights actions he filed. We shall recommend that Defendant DiFranceso be dismissed for failure to state a Constitutional claim against him. We shall recommend that Defendant Sims be dismissed, since we find no Constitutional claim against Defendant Sims. We do not find that Plaintiff has stated Constitutional claim against Defendant Hepner, and shall recommend that this Defendant be dismissed. We find that Plaintiff has stated an Eighth Amendment claim against Defendant Arnold with respect to only the September 22, 2006 incident of preventing Plaintiff from going to medical clinic for treatment for his injuries from his September 19, 2006 fall.

Moreover, Plaintiff does not allege with sufficient specificity the personal involvement of Defendants DiFrancesco, Sims and Hepner, who admittedly did not participate in the retaliatory threats and harassment of Plaintiff, with respect to his First Amendment retaliation claim. As discussed, Plaintiff does not adequately state what these three Defendants did to violate any of his Constitutional rights. Liability may only be based upon the Defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976); *Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003). It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a civil rights case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown

> through allegations of personal direction or of actual knowledge and
> acquiescence.  Allegations of participation or actual knowledge
> and acquiescence, however, must be made with appropriate
> particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons.  *Id.*  "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825 (1994) *citing Helling v. McKinney*, 509 U.S. 25 (1993); *Wilson v. Seiter*, 501 U.S. 294 (1991);  *Estelle v. Gamble*, 429 U.S. 97 (1976).

The Eighth Amendment requires that the official must know of and disregard an excessive risk to inmate health or safety. *Farmer,* 511 U.S. at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. "The question...is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health.'" *Farmer*, 511 U.S. at 843.

Here, Plaintiff does not allege to have suffered any injury from the actions of Defendants DiFrancesco, Sims and Hepner.  Plaintiff does not allege that the stated three  Defendants retaliated against him or that they were involved in the medical staff's failure to provide him with treatment for his injuries.  Plaintiff alleges that these Defendants failed to provide him with assistance up the hill (DiFrancesco and Sims), and failed to allow him to go to the pill line on one day when it was his rec time (Defendant Hepner).  The alleged conduct of these three Defendants does not amount to deliberate indifference and is not sufficient to constitute an Eighth Amendment violation.  Nor is the conduct of the two Defendants (DiFrancesco and Sims) with respect to their alleged failure to provide Plaintiff with assistance up the hill sufficient to hold them liable in this

action.   Indeed, Plaintiff readily admits in his Amended Complaint that he had a wheelchair assistant to help him get around the prison grounds.   Thus, Defendants DiFrancesco, Sims and Hepner should be dismissed from this case.

Nor has Plaintiff stated a First Amendment retaliation claim against Defendants DiFrancesco, Sims and Hepner.   In *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001), the Court stated that "a prisoner litigating a retaliation claim must show that he suffered some 'adverse action' at the hands of the prison officials."   To establish a retaliation claim, the Plaintiff must also show that there exists a causal nexus between the Plaintiff's constitutionally protected conduct and the adverse action. *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).   We find that this nexus does not exist with respect to any of the stated three Defendants.

## VI.  Recommendation.

Based on the above, it is respectfully recommended that this case be dismissed as to Defendants DiFrancesco, Sims and Hepner.   Plaintiff has failed to state a retaliation claim under the First Amendment and a claim under the Eighth Amendment against these Defendants. We recommend that this case proceed with respect to the denial of medical care on September 19, 2006, by Defendants Eichensehr, PA Powanda and PA Roces.   We recommend that Plaintiff's Eighth Amendment claim against Defendant Arnold proceed with respect to only the September

22, 2006 incident of preventing Plaintiff from going to medical clinic for treatment for his injuries from his September 19, 2006 fall.  We recommend that Plaintiff's other claims against Defendant Arnold be dismissed.  Finally, it is recommended that this case be remanded to the undersigned for further proceedings.


**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: December 15, 2006**

19

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHNNY CYRUS,                          :        CIVIL ACTION NO. **3:CV-06-2022**
                                       :
            Plaintiff                  :        (Judge McClure)
                                       :
            v.                         :        (Magistrate Judge Blewitt)
                                       :
UNITED STATES OF AMERICA and           :
KAREN F. HOGSTEN, et al.,              :
                                       :
            Defendants                 :

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **December 15, 2006.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within ten (10)
days after being served with a copy thereof. Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections. The briefing
requirements set forth in Local Rule 72.2 shall apply. A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge. The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                            **s/ Thomas M. Blewitt**
                                            **THOMAS M. BLEWITT**
                                            **United States Magistrate Judge**

**Dated: December 15, 2006**