IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHNNY CYRUS, | : No. 4:06-CV-2022 |
| Plaintiff, | : (Judge McClure) |
| v. | : (Magistrate Judge Blewitt) |
| KAREN F. HOGSTEN, et al., | : |
| Defendants. | : |

**O R D E R**

January 16, 2007

**BACKGROUND:**

Plaintiff is an inmate at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania ("FCI-Allenwood"). On October 16, 2006, plaintiff filed pro se this instant civil rights action, alleging a First Amendment retaliation claim and Eighth Amendment cruel and unusual punishment claim against defendants. In his original complaint, plaintiff alleged he was purposefully put in harms way when prison officials placed him on a hill while he was confined to a wheelchair. Although its not clear how, plaintiff alleged he sustained significant injuries as a result of being placed on the hill. He further stated he was placed on the hill in part because of the various lawsuits he has filed. He also asserted that he did not receive adequate medical treatment for his injuries.

This matter was initially referred to United States Magistrate Judge Thomas M. Blewitt.

On October 27, 2006, the magistrate judge issued his first report and recommendation. He recommended that the court dismiss the original complaint as against all named defendants - defendants United States of America, warden Karen Hogsten, and health administrator Robert Laino. The magistrate judge also recommended that the plaintiff be given an opportunity to amend his complaint to replace the originally named defendants with the proper defendants. Instead of filing objections to this report, the plaintiff filed an amended complaint in an attempt to follow the magistrate judge's recommendations. We adopted the magistrate judge's recommendations in full and remanded the amended complaint to the magistrate judge.

In plaintiff's amended complaint, he drops all the original defendants from the case caption, and instead adds the following new defendants: L. Eichensehr , H.I.T.; M. Powanda, PA; R. Rocess, PA; Lt. Hepner; Hattie Sims, Unit Manager; Joe DiFrancesco, Case Manager; and CO Arnold. Although Hogsten, named in the original complaint, is dropped from the amended complaint's case caption, plaintiff pleads additional facts that suggest he intends to continue his claim against her. Plaintiff alleges that on September 19, 2006, after suffering his fall on the hill,

2

defendant Eichensehr told him to wait in the lobby of the medical clinic. Plaintiff avers that he waited more than four hours in the lobby, and was never treated. He alleges that defendants Powanda and Roces looked at him, knowing he was injured, and deliberately ignored him. He alleges that the actions of Eichensehr, Powanda, and Roces amount to a violation of his Eighth Amendment rights by denying him adequate medical care.

Plaintiff asserts a First Amendment retaliation claim and an Eighth Amendment claim against defendant DiFrancesco for allegedly assigning plaintiff to the top of a hill without providing plaintiff with required assistance. As for defendant Sims, plaintiff pleads she failed to provide him help when he was on the hill, and that she lied to him when she told him that she must read his mail before putting a stamp on it. He alleges Sims' actions amount to Eighth Amendment and First Amendment violations.

Plaintiff alleges defendant Hepner violated plaintiff's First Amendment and Eighth Amendment rights when Hepner refused to allow plaintiff access to the "pill line" - the line in which prisoners received their pills.

Finally, plaintiff asserts that defendant Arnold also violated plaintiff's First Amendment and Eighth Amendment rights by slapping plaintiff in the back of the head on September 21, 2006, by not allowing plaintiff to receive medical attention

for the injuries he allegedly sustained on September 19, 2006, and by racially insulting plaintiff.

On December 15, 2006, the magistrate judge issued a thorough eighteen page report and recommendation addressing the various claims made in plaintiff's amended complaint.  The magistrate judge recommends that plaintiff's Eighth Amendment claims against Eichensehr, Powanda, and Roces should continue.  The magistrate judge recommends, however, that the claims against defendants DiFrancesco, Sims, and Hepner be dismissed.  The magistrate judge reasons that the First Amendment and Eighth Amendment claims against DiFrancesco are deficient because DiFrancesco's mere placement of plaintiff on a hill, and nothing more, does not amount to a violation of plaintiff's First and Eighth Amendment rights.  As for Sims, the magistrate judge reasons that failure to provide plaintiff with help going up and down the hill is not an Eighth Amendment violation, and falsely telling plaintiff that his legal mail must be read does not amount to a First Amendment violation.  The magistrate judge states plaintiff's Eighth Amendment claim against Hepner is also deficient because plaintiff fails to allege he suffered any adverse health consequences as a result of not being allowed to take his pills one time.

The magistrate judge also recommends that any continued claim against defendant Warden should be dismissed for the same reasons the original claim was dismissed.  As for defendant Arnold, the magistrate judge recommends plaintiff's claim regarding Arnold's alleged failure to provide plaintiff adequate medical care should continue.  The other claims against Arnold - First Amendment and Eighth Amendment claims stemming from a racial insult and also a slap on the back of the head - should be dismissed because Arnold's actions do not amount to constitutional violations.  The magistrate judge recommends the matter be remanded to him for further proceedings.

No party has filed any objections to this report and recommendation.

**DISCUSSION:**

A district court reviews de novo those portions of a magistrate judge's report and recommendation to which a party objects.  L.R. 72.3.  The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

We will adopt the magistrate judge's report in full.  We agree with the magistrate judge that plaintiff's claims against Eichensehr, Powanda, and Roces should continue.  We also agree that the plaintiff asserts no valid claim against

Hogsten (to the extent a claim against Hogsten is made), DiFrancesco, Sims, or Hepner.  As for defendant Arnold, we agree that the only valid claim plaintiff pleads is an Eighth Amendment claim regarding Arnold's alleged refusal to give plaintiff adequate medical care.  For purposes of judicial economy, we will not rehash the sound reasoning used by the magistrate judge in reaching these conclusions.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The court adopts in full the magistrate judge's report and recommendation. (Rec. Doc. No. 14).

2. Plaintiff's claims against Eichensehr, Powanda, and Roces may continue.

3. Plaintiff's claims against defendants Hogsten, DiFrancesco, Sims, and Hepner are dismissed.

4. Plaintiff's First Amendment and Eighth Amendment claims against defendant Arnold regarding Arnold's alleged slap on the back of plaintiff's head and racial insult utterance are dismissed.

4. Plaintiff's claim against defendant Arnold for allegedly not providing him with adequate medical care for injuries sustained on September 19, 2006 may continue.

5.      The case is remanded to the magistrate judge for further proceedings.


                                                       s/ James F. McClure, Jr.
                                                James F. McClure, Jr.
                                                United States District Judge