IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY CYRUS, | : | CIVIL ACTION NO. **4:CV-06-2022** |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES OF AMERICA, et al., | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

Plaintiff, while an inmate at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania,[1] filed this action pursuant to 28 U.S.C. § 1331, on October 16, 2006. Plaintiff is proceeding *pro se*. The matter is currently proceeding on an Amended Complaint (Doc. 12) as against four remaining Defendants, Defendants Arnold, Eichensehr, Powanda and Roces. (*See* Doc. 15).

On May 10, 2007, the remaining four Defendants filed a Motion for Summary Judgment (Doc. 26). A support Brief and Statement of Facts were filed on May 11, 2007. (Docs. 27 and 28). Plaintiff's failure to timely file his brief in opposition to the Motion for Summary Judgment resulted in the issuance of an Order on June 5, 2007, which directed Plaintiff to file his opposition brief on or by June 18, 2007. Said Order further stated that Plaintiff's failure to

---

[1] Plaintiff is currently incarcerated at the Federal Correctional Institution at Butner, North Carolina. (*See* Doc. 23).

timely file his opposition brief may result in the issuance of a Report and Recommendation that his action be dismissed for failure to prosecute. (Doc. 29).[2]

The time in which Plaintiff was to have filed his brief in opposition to Defendants' Summary Judgment Motion has expired. The Plaintiff has neither filed his opposition brief nor requested an extension of time in which to do so. Thus, under Local Rule 7.6, M.D. Pa., we deem Plaintiff as not opposing Defendants' Summary Judgment Motion.[3]

Moreover, we find merit to Defendants' Summary Judgment Motion.

With respect to Defendants Eichensehr, Powanda and Roces, as we stated in our December 2006 Report and Recommendation, p. 7:

> Plaintiff alleges that on September 19, 2006, a Lt. informed Defendant Eichensehr that he fell down a hill and out of his wheel chair, he had injuries and was being sent over as an emergency. Plaintiff avers that Defendant Eichensehr told him to wait in the lobby of the medical clinic, and that he waited there for four (4) hours without ever being treated. Plaintiff states that Defendants PA Powanda and PA Roces looked at him, walked right past him, and ignored him as he was in pain and bleeding. Plaintiff states that he was sent back to his unit without being given any treatment for his injuries. Plaintiff has stated an Eighth Amendment denial of medical care claim against Defendants Eichensehr, PA Powanda and PA Roces. Plaintiff

---

[2]Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court*, . . ." (emphasis added). In the instant case, Plaintiff has failed to both prosecute his action and to comply with an Order of the Court by his failure to file his brief in opposition to the Defendants' Motion for Summary Judgment as directed. Plaintiff is deemed as abandoning his action. *See McCray v. Dauphin Co. Prison*, 2007 WL 431886 (M.D. Pa); *Nelson v. Berbanier*, 2006 WL 2853968 (M.D. Pa.).

[3]Based on his prior actions filed with this Court, Plaintiff is well aware of the Local Rules.

has not stated a First Amendment retaliation claim against these Defendants. (Doc. 12, p. 2). [FN4]

> FN4. Plaintiff attaches a copy of his September 20, 2006 Inmate Request to Staff complaining that he was denied medical care by medical staff for his September 19, 2006 fall. This request does not show that Plaintiff has completed the BOP Administrative remedy process.

As to Defendant Arnold, we stated in our December 2006 Report and Recommendation, p. 13 as follows:

> Plaintiff claims that on September 21, 2006, CO Arnold told Plaintiff to get out of his way or he would flip him out of his wheelchair, and then slapped him in the back of his head. (*Id.*, p. 6). Plaintiff does not state if he suffered any injuries, temporary or permanent, as a result of the September 21, 2006 slap by Defendant Arnold. On September 22, 2006, Plaintiff alleges that CO Arnold would not let him go to the medical clinic for his injures he sustained in his September 19, 2006 fall. Plaintiff alleges that CO Arnold told him to go back to his Unit even though he was in severe pain and hurting from his fall. On September 23, 2006, Plaintiff alleges that CO Arnold told him that "I want your cripple ass in your wheel chair for my damn count not sitting on your fucking bed (fuckface)." (*Id.*, pp. 6-7).
>
> Plaintiff alleges an Eighth Amendment assault against Defendant Arnold and a First Amendment claim for racial insult. Insofar as Plaintiff alleges the Defendant Arnold would not let him go to the medical clinic on September 22, 2006 for treatment of his injury from the September 19, 2006 fall, Plaintiff states an Eighth Amendment denial of medical care claim against this Defendant. However, we do not find that this Defendant's one-time slap of Plaintiff and racial insults amount to Constitutional violations.

In our December 2006 Report and Recommendation, pp. 18-19, we recommended that this case be dismissed as to Defendants DiFrancesco, Sims and Hepner. Plaintiff has failed to state a retaliation claim under the First Amendment and a claim under the Eighth Amendment against these Defendants. We recommended that this case proceed with respect to

3

the denial of medical care on September 19, 2006, by Defendants Eichensehr, PA Powanda and PA Roces.  We recommended that Plaintiff's Eighth Amendment claim against Defendant Arnold proceed with respect to only the September 22, 2006 incident of preventing Plaintiff from going to medical clinic for treatment for his injuries from his September 19, 2006 fall.  We recommended that Plaintiff's other claims against Defendant Arnold be dismissed.  (Doc. 14).

On January 16, 2007, the District Court adopted our stated Report and Recommendation.  (Doc. 15).

**III. Motion for Summary Judgment  Standard.**

The court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to any material fact.  Fed.R.Civ.P. 56(c).  An issue of fact is "`genuine' only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-694 (3d Cir. 1988) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

The burden of proving that there is no genuine issue of material fact is initially upon the movant.  *Forms, Inc. v. American Standard, Inc.*, 546 F. Supp. 314, 320 (E.D. Pa. 1982), *aff'd mem.* 725 F.2d 667 (3d Cir. 1983).  Upon such a showing, the burden shifts to the nonmoving party.  *Id*.  The nonmoving party is required to go beyond the pleadings and by affidavits or by "depositions, answers to interrogatories and admissions on file" designate "specific facts showing that there is a genuine issue for trial."  Fed.R.Civ.P. 56(e).

In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. *White v. Westinghouse Electric Company*, 862 F.2d 56, 59 (3d Cir. 1988). In doing so, the court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. *Id.*, *quoting Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir. 1985), *cert. denied,* 474 U.S. 1010 (1985); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976) *cert. denied*, 429 U.S. 1038 (1977).

Under Rule 56 summary judgment must be entered where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**IV. Material Facts.**

Since, as stated, Defendants have filed their SMF in support of his Summary Judgment Motion (Doc. 28, ¶'s 1.-23.), and their facts are properly supported by citation to the BOP regulations and to evidence, we shall adopt as our own all of Defendants' facts contained in their SMF that are supported by citation to evidence and that are not disputed by Plaintiff. Because Plaintiff did not file his opposition Brief and did not file a response to Defendants' SMF, Plaintiff has failed to dispute any of Defendants' facts detailed in their SMF, we shall adopt all of Defendants' facts as our own.

We find that Plaintiff, by not responding to Defendants' SMF, has not properly responded, paragraph by paragraph, to any of Defendants' SMF as required by Local Rule 56.1

of M.D. Pa.[4]  As stated, Defendants have offered evidentiary support for their stated factual paragraphs contained in their SMF. (Doc. 28, pp. 1-5).  Defendants have shown that Plaintiff did not fully and properly exhaust his BOP administrative remedies with respect to the remaining stated claims against them.  Since Defendants' SMF's are supported by evidence and since Plaintiff has not properly responded to them, we shall accept all of Defendants' SMF's as undisputed.  We shall incorporate them herein by reference and shall not repeat them herein. (Doc. 28, pp. 1-5).

Defendants' SMF regarding the BOP Administrative Remedy process shows that Plaintiff failed to properly exhaust his Administrative remedies with respect to his present remaining claims.  Plaintiff has not disputed Defendants' SMF and its statements that all four (4) of Plaintiff's Administrative remedies filed after the dates of the incidents alleged in the amended pleading this case, that may have been relevant to Defendants' alleged conduct, were rejected due to Plaintiff's improper filing of them.[5]  (Doc. 28, ¶'s 12.-22. and Ex. 1).  Thus, Defendants have shown by their evidence that Plaintiff's Administrative remedies complaining about staff conduct, that may have been relevant to Defendants' alleged conduct in this case,

---

[4]Plaintiff is deemed as being well aware of all of the Local Rules of this Court based on his several cases he has filed in the M.D. Pa.

[5]In their SMF, Defendants note that the specific staff conduct which was the subject of Plaintiff's four (4) stated Administrative remedies is not known, since actual copies of rejected Administrative remedies are not maintained.  Defendants' evidence supports this claim.  (Doc. 28, p. 3, n. 1 and Ex. 1, ¶'s 10., 13.).  However, Defendants have established through their evidence that the stated four (4) administrative remedies Plaintiff filed after the incidents alleged in his Amended Complaint are the only possible ones that could relate to Plaintiff's claims asserted in this case.  (Doc. 28, pp. 3-4 and Doc. 27, pp. 9-10).

were all rejected either by the Regional Office or the prison since they undisputedly were not properly submitted. (*Id*.). Moreover, Plaintiff has failed to dispute Defendants' evidence which shows that he was instructed how to properly proceed with respect to his administrative remedies, and that he failed to do so. (Doc. 28, pp. 3-4).

Consequently, we accept as undisputed all of Defendants' SMF and find that they are supported by evidence. We find that it is undisputed that, of the four (4) possible Administrative remedies raising Plaintiff's instant claims, which Plaintiff filed after the alleged incidents in this case (*i.e.* September 19 and September 22, 2006), none were properly filed and none were exhausted. Plaintiff was given more than ample opportunity to present his evidence and to file his opposition brief, and he failed to do so. Thus, Plaintiff has not contested Defendants' SMF. Plaintiff has not controverted Defendants' SMF, which show that Plaintiff did not exhaust his Administrative remedies with respect to his remaining claims against Defendants. Thus, we find Defendants' evidence to be uncontested. Therefore, we accept all of the stated facts contained in Defendant's SMF (Doc. 28, ¶'s 1.-23.) since they are supported by evidence, and since they are not controverted by Plaintiff, and we will adopt them as our own herein. *See U.S. ex rel. Paranich v. Sorgnard*, 396 F. 3d 326, 330, n. 5 (3d Cir. 2005) (under M.D. Pa. L.R. 56.1, the Third Circuit noted that the District Court adopted all the facts of one party that were not clearly disputed by the other party with sufficient citation to the record).[6] Therefore, we adopt the following undisputed facts derived from Defendants' SMF (Doc. 28) as our own and incorporate them herein by reference: Paragraphs 1.- 23.

---

[6]*See also Paranich* District Court case at 286 F. Supp. 2d at 447, n. 3.

As stated, Defendants have shown that Plaintiff did not exhaust his Administrative remedies regarding his remaining claims. Defendants have also shown that Plaintiff was explained how he could properly re-file his Administrative remedies and that even though he was undisputedly advised and instructed as to how to properly file them, he failed to do so.

**V.  Discussion.**

As we have repeatedly noted in our prior Reports and Recommendations when screening Plaintiff's cases, it is well-settled that the Plaintiff must exhaust his administrative remedies prior to filing a civil rights suit. In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law. As Defendants recognize (Doc. 27, pp. 7-8), the *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.; Woodford v. Ngo,* 126 S Ct. 2378 (2006); *Fortune v. Bitner*, 2006 WL 2769158, *7 (M.D. Pa.)("The PLRA mandates that inmates 'properly' exhaust administrative remedies before filing suit in federal court.")(citation omitted). Further, the Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002); *Fortune v. Bitner*, 2006 WL 2769158, *7.

We find that Defendants have met their burden and have shown that Plaintiff's Eighth Amendment claims against them which arose on September 19, 2006, *i.e.* his denial of proper medical care by Defendants Eichensehr, Powanda and Roces, and on September 22,

2006, *i.e.* claim Defendant Arnold denied him medical care by preventing him from going to the clinic, were not properly exhausted. Defendants have shown that Plaintiff did not pursue all of his available BOP administrative remedies before he filed this action. Indeed, Plaintiff is well aware of the PLRA exhaustion requirement based on our screening of his prior cases he has filed with this Court.

Since Defendants have correctly stated the BOP Administrative Remedy process in their Brief (Doc. 27, pp. 3-4), and since their evidence has detailed it (Doc. 28, pp. 1-2, Ex. 1, ¶'s 5.-8.), we shall not repeat it herein. Further, Plaintiff has disputed the BOP Administrative Remedy process as outlined in Defendants' Brief. As stated, according to Defendants' undisputed evidence, we find that Plaintiff has failed to complete exhaustion of his claims against Defendants. We find that the undisputed evidence shows Plaintiff's failure to exhaust his Administrative remedies.

As Defendants recognize, pursuant to *Spruill*, "[a] procedural default by the prisoner, either through late or improper filings, bars the prisoner from bringing a claim in federal court unless equitable considerations warrant review of the claim." (Doc. 27, p. 8). As this Court stated in *Fortune v. Bitner*, 2006 WL 2796158, * 7 (M.D. Pa.):

> Under the Prison Litigation Reform Act ("PLRA"), exhaustion
> of administrative remedies is required for all actions concerning
> prison conditions brought under federal law. *See* 42 U.S.C. § 1997e(a);
> *see Woodford v Ngo*, 126 S.Ct. 2378 (2006). The "exhaustion
> requirement applies to all inmate suits about prison life, whether
> they involve general circumstances or particular episodes, and
> whether they allege excessive force or some other wrong." *Porter v.
> Nussle*, 534 U.S. 516 (2002). "The PLRA attempts to eliminate
> unwarranted federal-court interference with the administration of
> prisons, and thus seeks to afford corrections officials time and opportunity

> to address complaints internally before allowing the initiation of a federal case." *Woodford*, 126 S.Ct. at 2387 (internal quotation and citation omitted). "The benefits of exhaustion can be realized only if the prison grievance system si given a fair opportunity to consider the grievance." *Id*. at 2388.
>
> The PLRA mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. *Id*. at 2387. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id*. at 2386. Failure to substantially comply with the procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." *Nyhuis v. Reno*, 204 F.3d 65, 71 (3d Cir. 2002).

The *Fortune* Court also stated:

> The PLRA's exhaustion requirement was designed to reduce the quantity and improve the quality of prisoner lawsuits, as well as afford corrections officials an opportunity to address complaints internally before allowing the initiation of a federal suit. *Woodford*, 126 S.Ct. at 2387-88 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance."). The PLRA exhaustion requirement is satisfied if the Plaintiff files a grievance and appeals the denial of the grievance to the highest level possible, giving the prison "fair notice" of the claim and an opportunity to remedy it. To provide fair notice of a claim, the plaintiff must allege specific acts of mistreatment or misconduct and identify the responsible party or parties. *See Pack v. Martin*, 174 Fed. Appx. 256 (6th Cir. 2006); *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004); *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003). Although neither the Third Circuit Court of Appeals nor the Supreme Court has defined how specific an inmate's administrative grievance must be to place the prison on "fair notice" of a claim prior to pursuing it in federal court, the Supreme Court has held that

> the prisoner's compliance with the agency's applicable administrative remedy process should be the yardstick for making such an assessment. *Woodford*, 126 S.Ct. at 2386; *Spruill*, 372 F.3d at 227-32.

*Id.*, * 9.

We agree with Defendants (Doc. 27, pp. 9-10), and find that, based on the undisputed evidence Plaintiff did not exhaust his remaining Eighth Amendment denial of proper medical care claims he asserts in this case. Defendants have established, through their uncontested evidence, that Plaintiff has failed to exhaust any one of the four (4) possible administrative remedies he filed (*i.e.* after September 19, 2006) regarding his claims in this case. Thus, we shall recommend that Defendants' Summary Judgment Motion be granted.

## VI. Recommendation.

Based on the above, it is respectfully recommended that Defendants' Summary Judgment Motion **(Doc. 26)** be granted since Plaintiff has failed to exhaust his remaining claims under the Eighth Amendment against the Defendants. It is further recommended that judgment be entered in favor of Defendants Arnold, Eichensehr, Powanda and Roces and against Plaintiff.

**s/ Thomas M. Blewitt**  
**THOMAS M. BLEWITT**  
**United States Magistrate Judge**

**Dated: July 2, 2007**

11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY CYRUS, | : | CIVIL ACTION NO. **4:CV-06-2022** |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES OF AMERICA, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **July 2, 2007.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                **s/ Thomas M. Blewitt**
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: July 2, 2007**